**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Jacqueline Steers,

    Plaintiff,

    v.                                                                Case No. 1:03cv890

UNUM Provident Corp., *et al*,                      Judge Michael H. Watson

    Defendant.

## OPINION AND ORDER

Before the Court is Magistrate Judge Hogan's October 14, 2005 Report and Recommendation (hereinafter "Report") (Doc. 37). Plaintiff Jacqueline Steers (hereinafter "Plaintiff") filed Objections to the Magistrate's Report on October 28, 2005 (Doc. 38). Defendant UNUM Life Insurance Company of America (hereinafter "Defendant") filed a Response to Plaintiff's Objections on November 6, 2005 (Doc. 39).

Plaintiff seeks, pursuant to 29 U.S.C. §1132(a)(1) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA"), payment of benefits under Defendant's Optional Term Life Plan (hereinafter "Policy"). Further, Plaintiff claims Defendant failed to comply with the procedural requirements of ERISA.

At issue is whether or not Plaintiff's decedent, Dana H. Steers, was a covered person under the Policy, which included an exclusion for any "loss that is caused by, contributed to by, or resulting from your voluntary use of any controlled substance" (hereinafter "substance exclusion"). The substance exclusion does not apply to controlled substances prescribed by a doctor and taken in accordance with the doctor's directions. Another exclusion is a "loss caused by, contributed to by, or resulting from a

self-inflicted injury while sane or insane" (hereinafter "injury exclusion"). Defendant's plan administrator denied Plaintiff's claim based on both the substance and injury exclusions, specifically, that Mr. Steers' death was caused by ingesting a large amount of controlled substance which was not prescribed by a doctor.

The Magistrate determined the appropriate standard of review fo the plan administrator's decision denying benefits was under the arbitrary and capricious standard. As such, the Magistrate concluded the doctrine of *contra proferentum* has no application to an ERISA case subject to the arbitrary and capricious standard. Further, the Magistrate also held that if the *de novo* standard of review were applied, the result would be the same.

In the Report, the Magistrate recommends granting the May 21, 2005 Motion of Defendant for Summary Judgment (Doc. 10) and denying the May 21, 2005 Motion of Plaintiff for Judgment on the Administrative Record (Doc. 11). The Magistrate determined the substance exclusion, while inartfully written, was not unambiguous. As such, the Magistrate held that a reasonable, and in fact the most reasonably interpretation of the disputed portion of the substance exclusion, is that the voluntary use of controlled substances is excluded from coverage. Further, the Magistrate reasoned that for the carrier to list an exclusion and then exempt it in the same paragraph makes little sense.

As to the injury exclusion, the Magistrate concluded the subjective intent of Mr. Steers is not a factor and that simply put, his death was caused by a self-inflicted injury, to wit: the voluntary injection of a large amount of heroin preceded by alcohol consumption, the synergistic effect of which was to cause death. As such, the plan

administrator's interpretation of the policy is most reasonable.

Finally, as to the Plaintiff's argument the Policy and summary plan description are in conflict, the Magistrate concluded that where an actual conflict exists, the summary plan description controls. In the current matter, the Magistrate held that an omission was made in the summary plan description and, as such, the plan controls. Thus, a death caused by the voluntary use of a controlled substance is excluded form coverage.

In her objections, Plaintiff contends the Magistrate erred in concluding:

1. the voluntary use of a controlled substance was explicitly excluded by the Policy;
2. the substance exclusion was unambiguous and even if it was not, the doctrine of *contra proferentum* has no application;
3. that the "self-inflicted injury" language in the Policy acted as an exclusion upon which Defendant could and did properly deny coverage; and
4. that the differences between the summary plan description and the plan is one of omission and not one of conflict.

When objections are received to a magistrate judge's Report and Recommendation on a dispositive matter, the assigned district judge "shall make a de novo determination...of any portion of the magistrate judge's disposition to which specific written objection has been made...." Fed. R. Civ. P. 72(b). After review, the district judge "may accept, reject or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." *Id; see also* 28 U.S.C. 636(b)(1)(B). General objections are insufficient to preserve any issues for review; "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Secretary of Health and Human Services,* 932 F.2d 505, 509 (6th Cir. 1991).

Upon *de novo* review of the Report, the Court concludes Plaintiff's objections are without merit. As concluded by the Magistrate, the substance exclusion is not ambiguous. Therefore, the voluntary use of a controlled substance which is not prescribed by a doctor and taken in accordance with the doctor's directions is excluded from coverage. Furthermore, the Magistrate properly interpreted and applied the injury exclusion in this instance. Mr. Steers' death was the result of a self-inflicted injury. Finally, a conflict does not exist between the Policy and summary plan description. Instead, the Magistrate correctly concluded the difference between the Policy and summary plan was one of omission.

Accordingly, the October 14, 2005 Report of Magistrate Judge Hogan (Doc. 37) is **ADOPTED** and the May 21, 2005 Motion of Defendant for Summary Judgment (Doc. 10) is hereby **GRANTED** and May 21, 2005 Motion of Plaintiff for Judgment on the Administrative Record (Doc. 11) is hereby **DENIED**.

**IT IS SO ORDERED.**

_____
Michael H. Watson, Judge
United States District Court